# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-966

**STATE OF LOUISIANA**

**VERSUS**

**PERRY WAYNE WILLIAMS**
**A/K/A PERRY WILLIAMS**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 11-0275
HONORABLE GLYNN ROBERTS, DISTRICT JUDGE, AD HOC

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

### CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS.

**Joseph L. Waitz, Jr.**
**District Attorney**
**Thirty-Second Judicial District**
**Ellen Daigle Doskey**
**Assistant District Attorney**
**Thirty-Second Judicial District**
**James Christopher Erny**
**Assistant District Attorney**
**Thirty-Second Judicial District**
**7856 Main Street**
**Courthouse Annex, Suite 220**
**Houma, LA 70360**
**(985) 873-6500**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2806**
**Monroe, LA   71207-2806**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Perry Wayne Williams**

**AMY, Judge.**

The State charged the defendant with possession with intent to distribute a Schedule II controlled dangerous substance. In pre-trial proceedings, the trial court rejected the defendant's contention that his arrest was not supported by probable cause, denying the defendant's motion to suppress in this regard. Following a multi-day trial, a jury convicted the defendant of attempted possession of cocaine with intent to distribute. The trial court imposed a four-year sentence to be served at hard labor and imposed payment of costs of a pre-sentence report as a condition of parole. The defendant appeals. For the following reasons, we affirm the defendant's conviction, amend the defendant's sentence to remove the condition of parole, and affirm that sentence as amended. We further remand this matter, with instructions to the trial court to correct the minutes to reflect that amendment.

**Factual and Procedural Background**

Deputy John Cowan, then an officer with the Ferriday Police Department,[1] explained that, in February 2011, he "received information from a Vidalia officer that there was a subject that wanted to turn over his dealer in Ferriday." He testified that, "[a] couple of days after this phone call [he] met up with the guy that wanted to turn over his dealers; his name was [Ricky] Davenport." Deputy Cowan confirmed that this was the first time he had met Mr. Davenport.

Deputy Cowan testified that, he thereafter met with Mr. Davenport, who telephoned the defendant, Perry Williams, among others, and that he "[u]ltimately arranged to - - to buy or purchase a hundred dollars worth of crack-cocaine." Deputy Cowan explained that he listened to the telephone call with the defendant

---

[1] At trial, Deputy Cowan stated that he is now employed by the Concordia Parish Sheriff's Department as a "Sergeant with Investigations."

as it was broadcast on the "speaker phone[.]" Thereafter, Deputy Cowan accompanied Mr. Davenport as a passenger in Mr. Davenport's vehicle as the two drove to the location identified on the call. The record indicates that the defendant was walking alongside the roadway at the time and that Deputy Cowan exited the vehicle after he identified the defendant.[2]

Deputy Cowan explained that, upon leaving the vehicle, he drew a "Stinger"[3] and ordered the defendant to the ground. He testified that the defendant then "fumbled with his pockets" and then threw a plastic bag to the ground. Deputy Cowan explained that he recovered the bag, suspecting that the substance contained therein was "crack cocaine[4] in the very early stages of production[.]" He stated that he then placed the defendant "on the ground; place[d] him in handcuffs and he was Mirandized and taken to jail."

The State initially charged the defendant with possession of a Schedule II controlled dangerous substance. However, by an amended bill of information in October 2015, the State charged the defendant with possession with intent to distribute a Schedule II controlled dangerous substance, a violation of La.R.S. 40:967(A)(1). Subsequently, the trial court considered the defendant's motion to suppress wherein he alleged that the evidence relied upon by the State resulted

---

[2] Deputy Cowan testified that he "identified him" and that he felt that Mr. Davenport "said that that's him there or either he asked if that was him. But he said; That's him there. I want to say that's what he said, but I know for a fact that was him." Mr. Davenport also explained that, although he didn't initially recognize the defendant as he had his back to them, he recognized him as they drew near.

[3] At trial, Deputy Cowan testified at trial that he exited the vehicle "with the - - not a taser, it's a stinger. It's basically the same thing."

[4] While lab testing introduced into evidence revealed the substance to be "COCAINE, SCHEDULE II[,]" the report did not include the weight of the substance tested. Instead, Derrick Collins, the State's expert in the field of "identification, the use, the packaging and distribution and investigations of illegal narcotics[,]" estimated the substance to be "a gram or a little bit more[,]" an amount he opined "is about a hundred dollars worth."

from an illegal search. The trial court denied the motion. Following trial, a jury convicted the defendant of attempted possession of cocaine with intent to distribute. The trial court subsequently denied the defendant's motion for new trial and motion for acquittal. The trial court thereafter imposed a sentence of four years at hard labor, with credit for time served.

The defendant appeals assigning the following as error:

I.    The evidence seized in this case was the result of an unlawful arrest. Thus, any evidence seized as a result of that arrest should have been suppressed. The Trial Court erred in denying the Motion to Suppress.

## Discussion

*Error Patent*

Having reviewed this matter for errors patent on the face of the record in accordance with La.Code Crim.P. art. 920, we find one such error. In imposing sentence, the trial court explained that: "A special condition of parole will be that you pay a hundred and fifty dollars ($150.00) for cost of the pre-sentence investigation and report payable to the Louisiana Department of Probation and Parole." However, a trial court lacks authority to impose such a condition on parole. *See State v. R.K.*, 10-982 (La.App. 3 Cir. 5/11/11), 64 So.3d 426. Accordingly, we amend the defendant's sentence to strike the condition of parole and instruct the trial court to note the amendment to the sentence in the court's minutes. *See id.*

*Probable Cause*

In support of his appeal, the defendant continues to argue that his arrest was without probable cause as it stemmed from information received by an unproven, confidential informant with whom Deputy Cowan was not previously acquainted.

3

Other than the information obtained from Mr. Davenport, the defendant argues, the police conducted no independent investigation, surveillance, or otherwise verified that he was the individual on the call with Mr. Davenport.

Unreasonable searches and seizures are prohibited by both U.S. Const. amend. IV and La.Const. art. 1, § 5. "If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial." *State v. Coleman*, 14-0402, p. 17 (La. 2/26/16), 188 So.3d 174, 192, *cert. denied* __ U.S. __, 137 S.Ct. 153 (2016). A trial court's ruling on a motion to suppress addressing the reasonableness of the search and seizure is entitled to great weight and will not be overturned absent an abuse of discretion. *Id.* Although the question of probable cause was placed before the trial court within the context of a pre-trial motion to suppress, an appellate court considers the correctness of a trial court's ruling on a pre-trial motion to suppress by taking into account "the totality of the evidence presented at the motion to suppress hearing and the trial." *State v. Burkhalter*, 428 So.2d 449, 455 (La.1983).

Having reviewed the trial court's denial of the motion to suppress under that standard, we find no abuse of discretion in its ruling. As noted above, the defendant suggests that Mr. Davenport's information to Deputy Cowan was unreliable. In this regard, the record offered conflicting evidence as to Mr. Davenport's introduction to Deputy Cowan. The latter explained that he was contacted by Officer Jamie Lipscomb with the Vidalia Police Department, who suggested that Mr. Davenport wanted to assist in turning over his drug dealers, that Officer Lipscomb had worked with Mr. Davenport before, and that he "was good to go." Deputy Cowan testified that a meeting was thereafter arranged between he and Mr. Davenport.

4

Yet, at trial, Mr. Davenport explained that he had not worked as an informant, but that he had known Officer Lipscomb from having worked with him in the flooring business. Mr. Davenport also recalled that he was introduced to Deputy Cowan by another officer.

Obviously, the two differed in their account of their initial introduction.[5] And, in the least, Deputy Cowan and Mr. Davenport did not have an established history of working together. However, Deputy Cowan did not proceed based on Mr. Davenport's history alone. Rather, both Deputy Cowan and Mr. Davenport testified that they were together while Mr. Davenport made telephone calls to his various contacts in order to arrange a drug transaction. Mr. Davenport testified that the defendant's telephone number was saved in his telephone as he had previously purchased drugs from him, albeit only one or two times.

Both Mr. Davenport and Deputy Cowan explained that, when the defendant returned Mr. Davenport's call, Deputy Cowan listened to the conversation by the speaker. They consistently reported the substance of the conversation with the defendant. Mr. Davenport explained that: "I was going to get a hundred dollars worth of crack-cocaine." When asked what the defendant said, Mr. Davenport testified that: "He'd be walking down the street. Call when I got close or something like that." Mr. Davenport explained that, when he turned down the street, he almost passed the defendant because it was dark, but that he ultimately recognized him, as explained above. Deputy Cowan then got out of the truck and approached the defendant.

---

[5] The underlying arrest in this case occurred in 2011, whereas both the hearing on the motion to suppress and the trial occurred in October 2015.

Deputy Cowan also explained that he was with Mr. Davenport while he was speaking with the defendant. He confirmed that he heard the conversation. In reporting the substance of the call, Deputy Cowan explained that "we had arranged to get a hundred dollars worth of crack-cocaine and were supposed to call him back when we were close to his house; to his area." Deputy Cowan also reported the series of telephone calls, and attempted telephone calls that occurred between Mr. Davenport and the defendant, as well as his brother afterwards. He explained that one such call was to the defendant, who said "to meet him on the roadway past the house." Upon locating a man walking along the roadway, both Mr. Davenport and Deputy Cowan identified him as the defendant. Again, as reported above, Deputy Cowan exited the vehicle with the Stinger drawn and ordered the defendant to the ground. Thereafter, the defendant removed the plastic bag with the alleged crack cocaine from his pocket and threw it onto the ground.

Thus, in the present case, Deputy Cowan's stop and ultimate detention of the defendant resulted, not only from initial information provided by Mr. Davenport, but by his own observations in listening to the proposed drug transaction and in confirming the defendant's location at the arranged meeting location.

In *State v. Holmes*, 08-719, p. 7 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, 279, *writ denied*, 09-0816 (La. 1/8/10), 24 So.3d 857, the fifth circuit discussed the sufficiency of a confidential informant's tip within the context of an officer's subsequent actions as follows:

> Tips provided to police by confidential informants can supply sufficient reasonable suspicion to conduct an investigative stop under certain circumstances. The tip must accurately predict the offender's conduct in sufficient detail to support a finding that the informant had reliable information regarding the illegal activity. *See, e.g.*, [*State v. Melancon*, 03-514 (La.App. 5 Cir. 10/28/03), 860 So.2d 225, *writ denied*, 03-

3505 (La. 4/23/04), 870 So.2d 297]. The tip must also be corroborated by the police. *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). If an informer's tip accurately predicts the offender's future behavior it gains an additional modicum of reliability. *Id.* Predictive ability is not always necessary; a non-predictive tip coupled with police corroboration or independent police observation of suspicious activity can provide the police with the requisite reasonable suspicion to detain a suspect. *See, e.g.*, *State v. Francois*, 04-1147, p. 7 (La.App. 5 Cir. 3/29/05), 900 So.2d 1005, 1010. An informant's past record for accuracy and reliability is another factor taken into account when determining the reliability of the tip in question. *State v. Austin*, 04-993 (La.App. 5 Cir. 3/1/05), 900 So.2d 867, 879, *writ denied*, 05-0830 (La.11/28/05), 916 So.2d 143.

In the present case, Mr. Davenport provided initial information to Deputy Cowan by virtue of contacting the defendant as a person from whom he had purchased crack cocaine. From that point, Deputy Cowan independently heard the plans for the transaction, located the defendant in the arranged location, and identified the defendant. Accordingly, in the least, Deputy Cowan had reasonable suspicion to stop the defendant. As a result, the defendant, himself, removed the bag from his pocket, throwing it to the ground. Deputy Cowan explained that he believed the substance in the bag to be crack cocaine. In light of that series of events, which commenced with a stop for which there was reasonable suspicion, we find no abuse of discretion in the trial court's determination in finding probable cause for the ultimate arrest.

For these reasons, the defendant's assignment lacks merit.

## DECREE

The conviction of the defendant, Perry Williams, is affirmed. The defendant's sentence is amended to delete the condition of parole. The defendant's

7

sentence is affirmed as amended. The trial court is instructed to note the amendment in the court's minutes.

**CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS.**